**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **LUIS ALEJANDRO CALDERON VIVAS #A218-013-756** | **CASE NO. 3:26-CV-04115 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RICHWOOD CORRECTIONAL CENTER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

# MEMORANDUM ORDER

Before the court are a Motion for Temporary Restraining Order and Non-Transfer Order [doc. 3] filed by petitioner Luis Alejandro Calderon Vivas, who challenges his immigration detention in this district under 28 U.S.C. § 2241. Petitioner, a citizen of Venezuela, seeks relief based on respondents' alleged failure to afford him an individualized custody determination or justification for detention. Doc. 1. Through the motions he also asks the court to prohibit further transfers while his habeas petition is adjudicated, in order to preserve jurisdiction and avoid disruptions in his access to legal mail and other correspondence. Doc. 3.

Given the high number of habeas petitions pending in this district, petitioner's request would create too great of an administrative burden. Petitioner does not need to be physically present in this judicial district to obtain relief. Jurisdiction attaches when a habeas petition is filed, and it is not destroyed by a subsequent transfer or custodial change. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) *cert. denied*, 439 U.S. 1077 (1979). Courts routinely adjudicate § 2241 petitions on the briefs, without the need for in-

person hearings, and without a petitioner's physical presence in a nearby facility. Additionally, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006). (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243–44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241petition that challenged a transfer). Petitioner has no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F.App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)). Accordingly, **IT IS ORDERED** that the Motions [doc. 3] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 8th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**